## *In re* BROKAW and another, Bankrupts.

(*District Court, D. New Jersey.* April 22, 1882.)

BANKRUPTCY—DISCHARGE—GROUND FOR REFUSAL.

  Where bankrupts, before their voluntary proceedings in bankruptcy, had
  made an assignment of all their property under the assignment laws of the
  state, and the claims of two certain creditors had been thereunder duly
  proved and dividends paid thereon, *held*, that in the subsequent bankrupt pro-
  ceedings the same debts of such creditors cannot be proved for the purpose of
  swelling the number of creditors consenting to bankrupts' discharge, the estate
  being barren of all assets; and *held*, that these debts were barred as legal
  claims against the bankrupts by the dividends declared and accepted under the
  state assignment laws, and are not provable in the bankruptcy proceedings.

Specification against Discharge.

*Gaston & Bergen,* for creditors.

*John Schomp,* for bankrupts.

NIXON, D. J. The bankrupts were copartners, and on the thirty-
first of August, 1878, filed their voluntary petition in bankruptcy for
a discharge from all their debts, partnership and individual, and on
which they were adjudged bankrupts on the thirteenth of December,
1878. On the seventh of February, 1881, they filed separate peti-
tions for their discharge from all their debts. Six creditors of the
partnership entered their appearance and submitted two specifica-
tions against the discharge: (1) Because the bankrupts had knowl-
edge that two of their creditors, to-wit, John H. Brokaw and Abra-
ham S. Williamson, had proved fictitious debts against the estate,
and did not, within one month after such knowledge, disclose the
same to the assignee. (2) Because the consent of the said creditors
Brokaw and Williamson was void, as they had no provable debts
against the estate; that the bankrupts, before their voluntary pro-
ceedings in bankruptcy, had made an assignment of all their prop-
erty under the assignment laws of the state of New Jersey; that the
claims of the said Brokaw and Williamson had been duly proved under
the assignment and dividends paid thereon; and that in consequence
thereof the said debts were barred and no longer provable against the
bankruptcy estate. A reference was made, and the evidence taken
thereunder sustains the specifications, and shows that the bankrupts
failed about two years before their petition in bankruptcy was filed;
that they made an assignment under the state laws to one of these
creditors, Williamson; that the other creditor, John H. Brokaw, is
the father of the bankrupt Henry J. Brokaw; that both filed these

same claims against the estate of the debtors in the assignment proceedings, and received a dividend thereon of about 43 per cent.; and that they now prove the same debt in bankruptcy, and, under such proof, seek to consent to the discharge of the bankrupts.

These debts were barred as legal claims against the bankrupts by the dividends declared and accepted under the state assignment laws; and, however willing the debtors may be that they should be revived and proved, the court cannot consent that they should be filed here for the sole purpose of swelling the columns of creditors consenting to the discharge. They are filed for no other purpose, as the estate has been barren of all assets from the start.

Striking out these proofs of debt, and the consents founded on them, creditors representing one-third of the whole amount of claims against the estate have not consented, and the discharge must be refused.